# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE DAVID & DARLA BROWN, | ) |
|     Debtors. | ) |
| | ) Case No. 12-50853-can7 |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION TO COMPEL

This matter is before the Court on the Chapter 7 Trustee's Motion to Compel the Debtor, David Brown, to respond to questions regarding representations in Debtor's personal financial statement. The Debtor invoked his Fifth Amendment privilege against self-incrimination in response to certain of the Trustee's questions about the content and validity of the financial statement. For the reasons set forth on the record during the hearing held on January 21, 2014, as more particularly set forth below, the Court finds that the Debtor has properly invoked his Fifth Amendment privilege to the specific questions asked, but that the Debtor may suffer negative consequences from his refusal to explain loss of assets or to cooperate with the Trustee. The Trustee's Motion to Compel is otherwise denied.

*Nature of Case*

David and Darla Brown filed for Chapter 7 bankruptcy relief on November 26, 2012. On June 20, 2013, the Trustee examined the Debtor at a Rule 2004 examination. Tr.'s Mot. ¶ 3. The Trustee questioned the Debtor about a 2008 personal financial statement, which reflected that the Debtors held a fifty percent ownership interest in some farm land. Tr.'s Ex. A. The Debtor invoked his Fifth Amendment privilege against self-incrimination when asked to confirm his signature on the 2008 financial statement and the accuracy of the representations therein. Tr.'s Ex. B.

1

Later during the examination, the Trustee asked the Debtor if the banker had ever questioned him about why the Debtor did not include the farm in subsequent years' financial statements. Tr.'s Ex. B. The Debtor responded, "No, he did not." Tr.'s Ex. B. When the Trustee pressed the Debtor about what the banker had said, the Debtor again invoked the Fifth Amendment privilege. Tr.'s Ex. B.

On November 20, 2013, the Trustee filed this motion to compel the Debtor to answer the five questions the Debtor had refused to answer on the grounds of the Fifth Amendment. The Trustee asserts that Mr. Brown's refusal to answer these questions interferes with his ability to adequately investigate the Debtors' financial affairs. In response, Mr. Brown asserts that the Trustee's questions are not "material"; relying on certain recorded deeds and land records, the Debtor argues he never owned nor had the power to transfer the farm, but that answering the Trustee's questions about the farm may incriminate in a crime of bank fraud. Debtor's Resp. ¶¶ 15, 16.

## *Discussion*

The Fifth Amendment provides that "[n]o person shall be compelled in any criminal case to be a witness against himself." *In re Blan*, 239 B.R. 385, 391 (Bankr. W.D. Ark. 1999). The privilege extends to disclosures that an individual "reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Id.* (citing *Kastigar v. United States*, 406 U.S. 441 (1972)). The Fifth Amendment can be invoked in any proceeding whether civil or criminal, formal or informal, including bankruptcy proceedings. *Id.* at 392 (citing *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). A debtor seeking relief from his debts in a bankruptcy proceeding, however, does so willingly and voluntarily and thus is not entitled to as

2

much consideration in being compelled to testify as would be another witness who has no interest in the proceeding. *In re Ciotti*, 442 B.R. 412, 415 (Bankr. W. D. Pa. 2011).

In this case, the Court must first assess whether the Debtor properly invoked his Fifth Amendment privilege. *National Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 598 (3d Cir. 1980). Many courts use a two-step process to evaluate the validity of a Fifth Amendment assertion. The first step is to determine whether there is a conceivable possibility that the witness could be linked to a crime; and second, to determine whether the facts sought to be elicited could form a link in the chain of evidence necessary to convict the witness of that crime. *In re Nam*, 245 B.R. 216, 225 (Bankr. E.D. Pa. 2000) (citing *American Cyanamid Company v. Sharff*, 309 F.2d 790 (3d Cir. 1962)).

Here, the Debtor admits he provided Chillicothe State Bank with a 2008 financial statement in order to obtain a bank loan. He represented to the bank that the information in the financial statement about his assets and liabilities was true, correct and complete. Making a fraudulent representation to obtain funding from a financial institution is a crime under 18 U.S.C. § 1344, the bank fraud statute. There is a 10-year statute of limitations for the prosecution of bank fraud and other related crimes. If the Debtor now admits that he did not own a 50% interest in valuable farmland when he applied for the loan, there is a "conceivable possibility" that the Debtor would be admitting to a fraud upon the bank. Thus, under the first step, the Debtor is linked to a possible federal crime.

The second prong of the test requires the Court to consider whether the facts sought to be elicited by the Trustee's questions could tend to incriminate the Debtor. During the 2004 examination, the Trustee asked if the signatures on the 2008 financial statement were his and his wife's; if the representations in the financial statement were true and correct; and if the financial

3

statement reflected that he owned a joint interest in a farm. The Debtor invoked the Fifth Amendment in lieu of answering these questions. The Court finds under the second prong of the test that these questions do seek to elicit facts that would constitute evidence of a bank crime. Thus, under the two-step test, the Court concludes that the Debtor properly invoked his Fifth Amendment privilege to these questions.

As noted above, the Trustee also asked the Debtor whether a banker had questioned him about why the farm no longer appeared on subsequent financial statements, and the Debtor initially replied that the banker had not questioned him. When pressed further about what the banker might say, however, the Debtor again invoked his Fifth Amendment privilege. Tr.'s Ex. B. In the Court's mind, there is a question about whether the Debtor waived his privilege by initially answering the question about discussions with the banker, and then refusing to answer the Trustee's two follow up questions.[1] The Trustee has not, however, argued that the Debtor waived his Fifth Amendment privilege, and the Court believes it is premature to assess whether a waiver occurred in connection with the 2004 examination that would bind the Debtor in connection with the Trustee's pending § 727 adversary complaint, particularly since that adversary has not yet come to trial.

The Trustee's adversary complaint seeks to deny the Debtor a discharge on numerous grounds, including false oath, fraudulent transfer of assets, failure to keep adequate records, and failure to satisfactorily explain a loss of assets.[2] Although the Debtor cannot be denied a

---

[1] *In re Blan*, 239 B.R. at 394. (The privilege is waived if "(1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth; and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment's privilege against self-incrimination.").

[2] *See* 11 U.S.C. §§ 727(a)(2), (3), (4) and (5).

discharge solely on the basis that he invoked his Fifth Amendment rights[3] -- when such invocation is proper -- the Court retains authority to deny discharge on these other grounds.

The duly appointed Trustee has a duty to identify and recover assets of the Debtor's estate for the benefit of the Debtor's creditors. This duty includes investigating whether the farm is still an asset of the Debtor's estate or whether the Debtor fraudulently conveyed it. The bottom line is that the Debtor, within the four years before filing bankruptcy, claimed ownership of a farm that he now asserts he never owned. And, the Debtor has not given a satisfactory answer to the Trustee about why he included in a financial statement a farm that he didn't own, or, if he owned the farm, what happened to it.

Thus, although the Court determines for purposes of the Rule 2004 examination that the Debtor properly invoked his 5th Amendment privilege to the specific questions the Trustee asked, the Debtor should be aware that if the Debtor chooses to testify at trial in the adversary proceeding, he may not "relate only part of the story and decide to stop." *In re Blan*, 239 B.R. at 394. The Court may find a waiver of the privilege occurs if the Debtor's "prior statements create a significant likelihood that the Court as the finder of fact will be left with a distorted view of the truth." *Id.* The Court may also draw a negative inference from the Debtor's refusal to testify when considering whether Debtor committed a false oath, transferred assets, failed to keep records or failed to satisfactorily explain the loss of the farm. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (cites omitted).

Finally, to the extent the Court determines that the Debtor has improperly asserted the privilege, and the Debtor knowingly refuses to comply with an Order of the Court by refusing to answer in contradiction to that order, the Debtor may be exposed to other negative consequences, including a dismissal or denial of discharge. *In re Ciotti*, 442 B.R. at 415. A denial of discharge

---

[3] 11 U.S.C. § 727(a)(6).

is appropriate if the Debtor's invocation of the privilege prevents the Trustee from effectively administering the bankruptcy estate. *In re Moses*, 792 F.Supp. 529, 533 (E.D. Mich. 1992).

The Court finds that the Debtor properly invoked his Fifth Amendment privilege against self-incrimination as to the specific questions the Trustee asked the Debtor at the Rule 2004 examination. It is premature to determine whether the Debtor waived the privilege in connection with the questions about the banker, at least until the Court hears the Debtor's testimony, if any, at the trial on the § 727 complaint. The Trustee's Motion to Compel is otherwise denied.

**SO ORDERED** this 28th day of January 2014.

/s/ Cynthia A. Norton
HONORABLE CYNTHIA A. NORTON
UNITED STATES BANKRUPTCY JUDGE